**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY YATES, | ) Case No.: 1:19-cv-00641-AWI-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION |
| | ) RECOMMENDING DISMISSAL OF ACTION |
| CHRISTIAN PFEIFFER, et al., | ) FOR FAILURE TO STATE A COGNIZABLE |
| | ) CLAIM FOR RELIEF |
| Defendants. | ) |
| | ) [ECF No. 1] |
| | ) |
| | ) |

Plaintiff Anthony Yates is appearing pro se in and in forma pauperis this civil rights action

pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed May 13, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On July 27, 2018, at approximately 8:00 p.m., Plaintiff was released for nightly pill call. When Plaintiff reached the front of building 1 outside, he was involved in a fight with another inmate. Upon a search of Plaintiff's person, officers discovered an inmate manufactured weapon. Plaintiff was therefore issued a rules violation report and was transferred to administrative segregation. Plaintiff's personal property was inventoried and packed by officer V. Campos to placed in the administrative segregation storage room.

Defendant V. Campos provided Plaintiff a copy of the CDCR-1083 property slip to review and sign. However, Plaintiff noticed that his wedding ring was not listed on the property slip. V. Campos advised Plaintiff that his wedding ring was placed into the soap dish. Therefore, Plaintiff signed the property slip and his property was transferred to the storage room.

On or about August 10, 2018, Plaintiff was told by officer C. Amabisca that he would be transferred to CMC-E for a long-term housing in administrative segregation. Plaintiff again asked if his wedding ring was in his property, and Amabisca advised Plaintiff that he did not see it in his property.

Plaintiff filed an inmate appeal complaining of the theft or loss of his wedding ring. Sergeant Mason reviewed the appeal at the first level and denied it because the property slip only contained items that were in Plaintiff's cell not on his person. The appeal was denied at the second level of review for the same reasons set forth in the first level review. However, at the third level review, the appeal was denied due to time constraints.

Plaintiff repeatedly informed prison staff about the "lost" or "theft" of his wedding ring at the hands of correctional officers. Correctional sergeant C. Mason and correctional lieutenant J. John stated in response to Plaintiff's inmate appeals that officer V. Campos did not remember seeing his wedding ring when she inventoried Plaintiff's property.

On March 28, 2019, Plaintiff spoke with officer V. Campos regarding his wedding ring, and Campos told Plaintiff that she did "remember packing your (plaintiff) property and I remember you (plaintiff) asking about your wedding ring and I C/O V. Campos telling you I put it in your (plaintiff" soap dish and place the soap dish inside one of your boxes to be stored in Ad-seg property while you (plaintiff) is being house in ad-seg."

Defendants John and Mason knew or should have known that Plaintiff was missing his wedding ring because he produced as much information as possible due to being housed in administrative segregation. However, instead of conducting an investigation, they both relied on the property slip about what was packed from Plaintiff's cell and not his person.

### III.

### DISCUSSION

#### A.    Supervisory Liability

Plaintiff names Warden Christian Pfeiffer as a Defendant.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Pfeiffer.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

**B.      Loss of Personal Property**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claim that his wedding ring was wrongfully stolen or lost, is based on a negligent or unauthorized deprivation, which is not actionable under the Fourteenth Amendment.  Because Plaintiff's claim reflects a random and unauthorized deprivation of property, it is not cognizable under section 1983.  Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court.  Indeed, Plaintiff has an adequate post-deprivation

4

remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).  Accordingly, Plaintiff fails to state a cognizable due process claim.

### C. Inmate Appeals Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Because there is not liberty interest in the processing of appeal, Plaintiff cannot seek liability against Defendants J. Johns and C. Mason for denying his inmate appeals.

### D. Declaratory Relief

Plaintiff seeks a declaratory judgment that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary.

### IV.

### RECOMMENDATION

For the reasons discussed above, Plaintiff fails to state a cognizable claim for relief under section 1983.  Plaintiff has failed and is unable to state a cognizable claim under section 1983 against any of the named Defendant based on the loss of his personal property.  Leave to amend would be

futile and need not be granted as the defects in his pleading are not capable of being cured through

amendment.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

        Accordingly, it is HEREBY RECOMMENDED that:

        1.       The instant action be dismissed for failure to state a cognizable claim for relief; and

        2.       The Clerk of Court be directed to enter judgment.

        These Findings and Recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days**

after being served with these Findings and Recommendations, Plaintiff may file written objections

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-

39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **May 23, 2019**

                                            UNITED STATES MAGISTRATE JUDGE