UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY YATES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00641-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 10] |

Plaintiff Anthony Yates is appearing pro se in and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 23, 2019, the Magistrate Judge issued Findings and Recommendations recommending that the instant action be dismissed for failure to state a cognizable claim for relief and amendment would be futile. The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within fourteen days. Plaintiff filed objections on June 13, 2019.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Plaintiff failed to allege facts sufficient to show that a meaningful post-deprivation remedy was

1

unavailable to him.  See Hudson v. Palmer, 468 U.S. 517, 533, 535 (1984) (holding that deprivation of property does not violate due process if a meaningful post-deprivation remedy is available and explaining that state tort actions are meaningful post-deprivation remedies); Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations."); see also Cal. Gov. Code §§ 810d–996.6.  Plaintiff's objections do not change this conclusion.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued May 23, 2019 (ECF No. 10), are adopted in full;
2. The instant action is dismissed for failure to state a cognizable claim for relief; and
3. The Clerk of Court shall terminate this action and enter judgment.

IT IS SO ORDERED.

Dated: November 26, 2019

SENIOR DISTRICT JUDGE